**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ROBERT LEE HINSON, JR.**
     **Plaintiff,**

**vs.**                                                        **Case No. 3:09cv204/MCR/MD**

**FLORIDA LOTTERY DEPARTMENT, et al.,,**
     **Defendants.**

_____

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, commenced this action on May 11, 2009 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 2).  For the reasons that follow, this case should be dismissed.

The *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The court takes judicial notice of three cases previously filed by plaintiff in this District Court:  *Hinson v. Florida Dep't of Corrections,* Case No. 3:99cv385/RV/SMN, a civil rights case dismissed on February 28, 2000 as malicious; *Hinson v. Bell*, Case No. 3:04cv300/RV/EMT, a civil rights case dismissed on November 23, 2004 for failure to state a claim upon which relief may be granted; and *Hinson v. Dep't of Corrections*, Case No. 3:99cv473/LAC/MD, a civil rights case

dismissed on January 31, 2000 for failure to state a claim upon which relief may be granted.  All of the foregoing cases may be positively identified as having been filed by plaintiff because they bear his Florida Department of Corrections number, DC#221295.  Plaintiff was incarcerated at the time of filing each of the foregoing cases.  Each case was dismissed prior to plaintiff filing the instant complaint.

Based on the foregoing, plaintiff is not entitled to proceed *in forma pauperis* in the federal courts because he has already incurred three "strikes" under 28 U.S.C. § 1915(g).  The allegations of the complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he was under imminent danger of serious physical injury at the time he initiated this proceeding.  *See Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999) (holding that in order to come within the imminent danger exception to the three strikes rule, a prisoner must be in imminent danger at the time he files suit in district court).  To the contrary, plaintiff's complaint alleges that on March 31, 2008 plaintiff was arrested on the charge of Passing a Lottery Ticket with the Intent to Defraud.  Plaintiff was tried and acquitted on January 9, 2009.  Asserting claims of defamation, false arrest, and malicious prosecution, plaintiff seeks damages in the amount of $250,000.00 against each defendant.  (Doc. 1).

Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g).  Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

Accordingly, it is respectfully RECOMMENDED:

*Case No: 3:09cv204/MCR/MD*

     **1.  That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).**

     **2.  That the clerk be directed to close the file.**

     **At Pensacola, Florida, this 14th day of May, 2009.**

/s/ *Miles Davis*

        **MILES DAVIS**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**